UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| DARRELL BURGESS, | ) | C/A No.: 4:15-cv-4361-BHH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| CECILIA REYNOLDS, | ) | |
| Respondent. | ) | |

_____ )

Petitioner, Darrell Burgess  (Petitioner), appearing *pro se*, filed his petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on October 26, 2015. (Doc. #1).

Respondent filed a motion for summary judgment on February 26, 2016, along with

a return and memorandum. (Docs. #15 and #16). The undersigned issued an order

filed February 29, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), advising Petitioner of the motion for summary judgment procedure and the

possible consequences if he failed to respond adequately. (Doc. #17). Petitioner failed

to file a response.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c),
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

2

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lee Correctional Institution. The Lexington County Grand Jury indicted Petitioner during the December 2005 term for two counts of murder and possession of a firearm or knife during the commission of a violent crime. Petitioner was represented by Jack Bradley Baker, Esquire. Appearing on behalf of the State were Deputy Eleventh Circuit Solicitor Samuel R. Hubbard and Assistant Solicitor Robert M. Madsen.

A jury trial was held on January 28-February 1, 2008, before the Honorable R. Knox McMahon, South Carolina Circuit Court Judge, on both charges. Petitioner was convicted by the jury of each of the charged offenses. Judge McMahon sentenced Petitioner to life imprisonment without parole for each of the murder convictions and a five-year sentence on the weapon charge.

**Direct Appeal**

A timely Notice of Appeal was served on behalf of Petitioner. On appeal, Petitioner was represented by Deputy Chief Appellate Defender for Capital Appeals Robert M. Dudek. In the Final Brief filed June 23, 2009, Petitioner raised the following two issues:

1. Whether the trial court abused its discretion by refusing to excuse juror #72, . . . where the juror revealed to the court that he was the supervisor of murder victim David Slice's brother-in-law since defense counsel told the judge he would have removed the juror with a preemptory challenge had he known he was a relative of the murder victim?

2. Whether the trial court erred by refusing to admit the testimony of witnesses Melton, McQuarley, Summers, Aycock, and Ballard about the victims being threatened over drug debts by another man within weeks of the murder, and also before that, since this evidence of third-party guilt was relevant, and appellant had the right to present a complete defense under Holmes v. South Carolina?

(Tr. 813-838). The State filed a Final Brief of Respondent on July 13, 2009. (Tr. 839-875).

The South Carolina Court of Appeals affirmed Petitioner's convictions in a published opinion filed December 15, 2010. On December 30, 2010, Petitioner filed a Petition for Rehearing. The Court of Appeals filed an order denying the Petition for Rehearing on January 26, 2011.

Petitioner filed a Petition for Writ of Certiorari on April 29, 2011, raising the

4

following issues to the South Carolina Supreme Court:

> 1. Whether the Court of Appeals erred by holding the failure of defense counsel to argue he believed the trial judge was mistaken in his belief that he had to take the jurors at their word when they claimed that they could be impartial was procedurally barred on appeal because counsel did not have a duty to argue with the trial court's ruling and the opinion of the Court of Appeals will invite disrespect for the mandate Rule 18(a), SCRCrimP?
>
> 2. Whether the Court of Appeals erred by not finding an abuse of discretion where the trial court refused to excuse juror #72, . . . where the juror revealed to the court that he was the supervisor of murder victim David Slice's brother-in-law since defense counsel told the judge he would have removed the juror with a preemptory challenge had he known he was a relative of the murder victim?
>
> 3. Whether the Court of Appeals erred by not finding an abuse of discretion where the trial court refused to admit the testimony of witnesses Melton, McQuarley, Summers, Aycock, and Ballard about the victims being threatened over drug debts by another man within weeks of the murder, and also before that, since this evidence of third-party guilt was relevant, and petitioner had the right to present a complete defense under Holmes v. South Carolina?

(Tr. 899-924).

The State filed a Return to Petition for Writ of Certiorari on June 24, 2011.

On May 25, 2012, the South Carolina Supreme Court filed an Order denying certiorari. The Court of Appeals sent the remittitur to the Lexington County Clerk of Court on May 30, 2012.

## PCR

Petitioner filed his application for post-conviction relief (PCR) on July 9, 2012, arguing ineffective assistant of counsel for failing to preserve an issue for appeal. The State filed a Return on June 12, 2013.

An evidentiary hearing took place on November 12, 2013, before the Honorable R. Lawton McIntosh. Petitioner was represented by Charles T. Brooks, III, Esquire. Assistant Attorney General Walt Whitmire represented the State. Petitioner testified on his own behalf and presented testimony from his trial counsel. (Tr. 970-1030). Judge McIntosh filed his order of dismissal on March 31, 2014, denying and dismissing the PCR application with prejudice.

## PCR APPEAL

Petitioner filed an appeal from the dismissal of his PCR application and was represented by Lara M. Caudy, Assistant Appellate Defender. A petition for writ of certiorari was filed on Petitioner's behalf raising the following:

> Whether Petitioner's Sixth and Fourteenth Amendment
> rights to the effective assistance of counsel were violated
> when trial counsel failed to challenge the trial court's
> reliance on the wrong legal standard when it refused
> to excuse Juror No. 72, . . . who revealed to the court
> before the jury had been sworn that he was the
> supervisor of murder victim David Slice's
> brother-in-law, thereby failing to provide the trial court
> with an opportunity to issue a ruling based on the
> correct legal standard and ultimately preserve the issue for
> appellate review?

The State filed a Return.  The Supreme Court of South Carolina filed an order

denying certiorari on August 20, 2015, and issuing its remittitur on September 8,

2015.

## HABEAS ALLEGATIONS

Petitioner raised the following allegation in his petition, quoted verbatim:

GROUND ONE:            Ineffective assistance of counsel

Supporting facts:      Whether petitioner's Sixth and Fourteenth
                       Amendment rights to the effective assistance
                       of counsel were violated when trial counsel
                       failed to challenge the trial court's reliance
                       on the wrong legal standard when it
                       refused to excuse Juror No. 72,
                       . . . who revealed to the Court before the
                       jury had been sworn that he was the
                       supervisor of murder victim David Slice's
                       brother-in-law, thereby failing to provide the
                       trial court with an opportunity to issue a
                       ruling based on the correct legal standard

7

and ultimately preserve the issue for Appellate review. At petitioner's trial, prior to opening statements and the jury being sworn, Juror No. 72, . . . disclosed to the court that he was the [current] supervisor of murder victim David Slice's brother-in-law. The trial court denied counsel's motion to remove the juror though counsel had peremptory strikes left and told the court that he would have struck the juror had he known of the relationship. The trial court didn't replace the juror with an alternate or consider whether the information would have been a material factor in the exercise of petitioner's peremptory challenges. The trial court, in his ruling, cited case law and made an incorrect statement of law. Trial counsel didn't challenge or seek clarification of the ruling at trial, and there is a reasonable probability that, but for trial counsel's deficient performance, the outcome of petitioner's trial or direct appeal would have been different.

(Petition) (errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an

8

issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.   Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the

non-moving party. <u>Shealy v. Winston</u>, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. <u>Barber v. Hosp. Corp. of Am.</u>, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." <u>Id.</u> at 322; <u>see also</u> <u>Cray Communications, Inc. v. Novatel Computer Systems, Inc.</u>, 33 F.3d 390 (4th Cir. 1994); <u>Orsi v. Kickwood</u>, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


**<u>STANDARD OF REVIEW</u>**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in the State court proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court
> proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts

of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams

v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of

federal law is different from an incorrect application of federal law,' because an

incorrect application of federal law is not, in all instances, objectively unreasonable."

Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's

adjudication of his claims was not only incorrect, but that it was objectively

unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual

findings "made by a State court shall be presumed to be correct," and a Petitioner has

"the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1).

11

# ANALYSIS

## Ground One

In Ground One, Petitioner argues ineffective assistance of counsel. Specifically, Petitioner alleges counsel failed to challenge the trial court's reliance on the wrong legal standard when it refused to excuse a juror who revealed to the Court before the jury had been sworn that he was the supervisor of the murder victim's brother-in-law. Therefore, Petitioner asserts that by counsel failing to challenge the legal standard upon which the ruling was based, counsel failed to preserve the issue for appellate review. Respondent argues that the state courts' rejection of Petitioner's claim was not "contrary to" and did not involve an "unreasonable application of" clearly established United States Supreme Court precedent under §2254(d)(1).

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the

Strickland analysis).

In the direct appeal, Petitioner raised the following issue:

> Whether the trial court abused its discretion by refusing to excuse juror #72, . . . where the juror revealed to the court that he was the supervisor of murder victim David Slice's brother-in-law since defense counsel told the judge he would have removed the juror with a preemptory challenge had he known he was a relative of the murder victim?

The South Carolina Court of Appeals found no error on the part of the trial

judge's decision not to remove the juror stating as follows:

> First, the fact that a juror has some relationship with the victim does not automatically require the trial judge to remove the juror. . . . Second, the juror did not conceal any information requested during voir dire. Finally, the judge acted within his discretion in finding the juror could be fair and impartial. . .

14

The Court of Appeals determined that the juror's failure to disclose the information was innocent and the removal would have been error under state law.[2] Additionally, the court held defendant's challenge to the legal standard applied by the trial judge was not preserved for appellate review. The court noted:

> Finally, Burgess argues the trial judge applied the wrong legal standard in deciding not to remove the juror. In making this argument, Burgess focuses on one comment made by the judge immediately after he denied the motion to remove the juror: "I think I have to take jurors at their word. I can't second guess that. . . I can't sit up here and decide that jurors won't follow the law." The State contends the argument is not preserved for appellate review. We agree.

(Tr. 880).

The Court of Appeals found that the issue was not preserved for two reasons. First, it held the record was not clear to what issue the trial court applied this standard, and, second, because the trial court cited a correct standard, State v. Elmore,[3] and what

---

[2] The Court of Appeals found the defendant's reliance on State v. Stone, 350 S.C. 442, 567 S.E.2d 244 (2002) to be misplaced, and noted that a new trial under Stone was necessary when both 1) a juror **intentionally** conceals information during *voir dire*, **and** 2) that information would have supported a challenge for cause as would have been a material factor in the party's use of peremptory challenges. *Id*. at 247 (emphasis added).

[3] The trial court cited State v. Elmore, 279 S.C. 417, 308 S.E.2d 781 (1983), overruled on other grounds, State v. Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991), in its decision to not disqualify the juror. In Elmore, one of the assistant solicitors was a juror's daughter's closest friend, and the defendant asked the trial judge to disqualify the juror for cause. The trial judge re-examined the juror and found the juror to be impartial. The State Supreme Court found the record contained evidence to support the trial court's decision and that the trial court's decision was not an abuse of discretion.

15

would be an incorrect statement if he was applying it to this issue, the court could not determine whether the legal standard the trial court used was correct.

Thus, the court found that while the comment cited by Burgess would indicate the judge used an incorrect standard, the reference to <u>Elmore</u> indicates he used the correct standard. However, "[i]f Burgess had sought correction of the alleged error at trial, we would be able to determine which issue the trial judge was addressing, and whether he was correct. Because we cannot determine either, the issue is not preserved." (Tr. 881).

The PCR court held the following with respect to this issue, quoted verbatim:

> This Court finds Applicant failed to meet his burden to prove counsel was ineffective for failing to tailor his motion to disqualify (juror #72) in a manner to preserve advanced by appellate counsel on appeal. In viewing the entire the(sic) bench colloquy with (juror #72), this Court notes that the Trial Judge rendered his judgment pursuant to the correct legal framework."The ultimate goal behind preservation of error rules is to insure that an issue raised on appeal has first been addressed to and ruled on by the trial court." <u>State v. Nelson</u>, 331 S.C. 1, 6 n. 6, 501 S.E.2d 716, 718 n. 6 (1998). In order to preserve an error for appellate review, a defendant must make a contemporaneous objection on a specific ground. <u>State v. Holliday</u>, 333 S.C. 332, 338, 509 S.E.2d 280, 283 (Ct. App. 1998). Rule 103(a)(1), SCRE states "Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." Counsel made the objection and properly preserved the

16

issue of whether the trial judge's ruling constituted an abuse of discretion. The creative logic employed by Appellate counsel to further extend Applicant's argument on appeal does not reflect poorly on counsel's effective performance here when the Court of Appeals found the argument to be unpreserved. Neither does this Court finds(sic) appellate counsel's performance deficient. On the contrary, this Court finds appellate counsel's performance in pushing the envelope constituted vigorous adversarial representation warrant the underlying issue lacked sufficient merit to warrant a reversal of Applicant's conviction. See State v. Bailey, 298 S.C. 1, 5-6, 377 S.E.2d 581, 584 (1989) (a party cannot argue one theory at trial and a different theory on appeal). Counsel testified that once a judge makes an adverse ruling and his objection has been properly preserved, it is his general practice to refrain from belaboring over the ruling at the risk of antagonizing the judge. This Court agrees. See Drayton, 312 S.C. at 12, 430 S.E.2d at 522 ("[counsel] was ineffective in the sense that all criminal defense lawyers whose clients are found guilty are ineffective. That any more argument or different contentions might possibly have altered this result would be sheer speculation."). Last, this Court notes that our judicial system would collapse if trial judges were required to recite treatises before announcing every single discretional ruling.

Regardless, this Court finds Applicant failed to meet his burden to prove Strickland's prejudice prong. "[A] criminal defendant has no right to a trial by any particular jury, but only a right to a trial by a competent and impartial jury." Palacio v. State, 333 S.C. 506, 517, 511 S.E.2d 62, 68 (1999). "To protect both parties' right to an impartial jury, the trial judge must ask potential jurors whether they are aware of any bias or prejudice against a party." State v. Woods, 345 S.C. 583, 587, 550 S.E.2d 282, 284 (2001). The trial judge is charged with the duty to

determine if a juror's concealment of delayed disclosure of a *voir dire* matter was intentional along the surrounding circumstances of a case by case manner. <u>State v. Guillebeaux</u>, 362 S.C. 270, 274, 607 S.E.2d 99, 101-02 (Ct.App. 2004). "Concealment is considered unintentional where the *voir dire* question posed is ambiguous or incomprehensible to the average juror or where the subject of the inquiry is insignificant or so far removed in time that the juror's failure to respond is reasonable under the circumstances." <u>Id</u>. (internal quotations omitted). "[T]he qualification of a prospective juror is addressed to the sound discretion of the trial judge, whose decision will not be disturbed unless wholly unsupported by the evidence." <u>State v. Elmore</u>, 279 S.C. 417, 420, 308 S.E.2d 781, 784 (1983). This Court finds (juror #72) did not incorrectly answer the trial judge's preliminary question to the *venire* panel. While the trial judge did ask whether any venireman or a member of the venireman's "immediate family were . . . close personal friends of the victims," neither this question nor the trial judge's other inquiries asked whether any venireman had a business or working relationship with either victim's family members. This Court finds that there is nothing in the record to refute juror [#72]'s representations that he did not know anything about the case and that he did not even know that the murders had occurred. There is no indication that the victim possessed a name known in Lexington County. Subsequent to a thorough colloquy, the Trial Judge ruled within the ambit of his discretion. Therefore, this allegation is denied and dismissed.

(Tr. 1040-1043).

As set forth above, the issue raised in the direct appeal was "[w]hether the trial court abused its discretion by refusing to excuse juror #72, . . . where the juror revealed to the court that he was the supervisor of murder victim David Slice's

18

brother-in-law since defense counsel told the judge he would have removed the juror with a peremptory challenge had he known he was a relative of the murder victim?" (Tr. 814). Citing State v. Jones, 298 S.C. 118, 378 S.E.2d 594 (1989) and other cases, the South Carolina Court of Appeals held no error in the trial judge's decision not to remove the juror. The PCR court likewise found no Strickland prejudice because the non-disclosure was not intentional and there was no abuse of discretion by the trial judge.

Additionally, the PCR court agreed with trial counsel's general practice of not continuing to belabor the point after his objection is overruled for risk of antagonizing the trial judge.[4] Further, the PCR court found that counsel made the objection and properly preserved the issue of whether the trial judge's ruling constituted an abuse

---

[4] At the PCR hearing, trial counsel testified that juror #72 recognized someone in the family after he had been selected. (Tr. 1020-1021). Counsel made a motion to have the juror removed for cause. (Tr. 1021). The Judge reviewed the juror's testimony in context of any questions asked of the *venire* panel and inquired if he could be fair and impartial. Id. The juror testified that he could be fair and impartial and had no notice that the crime had occurred. Id. Trial counsel testified that Judge McMahon cited to State v. Elmore when he denied his motion "[w]hich apparently was the correct ruling, and the language that was picked out, you know, I didn't even recall it until I looked at it in the Court of Appeals' opinion." (Tr. 1022). Counsel stated that the Judge had already taken all the measures required, questioned the juror, heard from the juror, and heard arguments, prior to making his ruling. Id. Counsel testified that the Court of Appeals opinion stated that the Judge used the correct law when he acted within his discretion.

of discretion, but appellate counsel extended the argument on appeal which was found not to be preserved. The PCR court concluded counsel was not ineffective pursuant to the Strickland standard. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1).

As set forth above, this court's review is to determine whether the PCR court's decision involved an unreasonable application of federal law or an unreasonable determination of facts. Petitioner fails to show either. Also, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Accordingly, the PCR court's findings were not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1),(2) Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One.

## <u>CONCLUSION</u>

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore, RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

In the alternative, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #16) be granted and the petition be dismissed without an evidentiary hearing. It is further RECOMMENDED that any outstanding motions be deemed moot.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
April <u>8</u>, 2016                          United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.